SECOND DEPARTMENT, FEBRUARY, 1993

(February 1, 1993)

■ ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant, v ROOSEVELT JUNE et al., Respondents, et al., Defendants. —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), dated November 19, 1990, which, upon reargument, vacated a prior order of the same court, dated April 4, 1990, and denied its motion for summary judgment dismissing the counterclaim of the defendants Roosevelt June, Betty June, and Empbanque Capital Corp.

Ordered that the order is reversed, on the law, with costs, the order dated April 4, 1990, is reinstated, the plaintiff's motion for summary judgment is granted, and the counterclaim is dismissed.

The instant action was commenced on or about March 30, 1984, to foreclose a mortgage formerly held by the plaintiff's predecessor-in-interest, Woodside Savings and Loan Association (hereinafter Woodside). The subject mortgage was dated January 26, 1966. It was given by Zodiak Building Corporation, then record owner of real property situated in Queens. On or about June 29, 1967, title to the real property in question was transferred to the defendants Cedeno and Caraballo, who also assumed the obligations of the Woodside note and mortgage. The deed reflecting this transfer was duly

recorded and recites that the conveyance is "subject to a first mortgage now a lien on said premises in the amount of $30,000 held by Woodside Savings and Loan Association". Cedeno and Caraballo allegedly defaulted on the note commencing with the payment due in January 1984.

On or about May 22, 1984, during the pendency of the action, the defendants Roosevelt and Betty June purchased the property from Cedeno and Caraballo, and executed a mortgage in favor of the defendant Empbanque Capital Corp., which mortgage was duly recorded. The Junes and Empbanque Capital Corp. were subsequently joined as defendants. They served an answer and asserted a counterclaim alleging, *inter alia,* that the plaintiff's mortgage was never properly recorded in the chain of title. Accordingly, they claimed to be bona fide purchasers for value without prior notice of the plaintiff's claim. They sought a judgment dismissing the action and canceling the purported mortgage of record.

The plaintiff subsequently moved for summary judgment dismissing the counterclaim. The Supreme Court initially granted the plaintiff's motion, but thereafter, granted reargument in favor of the respondents, and denied summary judgment. The court concluded that there was a triable issue of fact concerning whether the plaintiff's notice of pendency had been properly filed so as to give the respondents constructive notice of the plaintiff's claim. We now reverse, and grant summary judgment in favor of the plaintiff.

A purchaser who has completed the examination of the basic conveyances comprising the chain of title must ascertain whether the property is encumbered by mortgages *(see, Eltman v Harvey,* 93 Misc 2d 634, 639). The intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led. If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed *(see,* 5A Warren's Weed, New York Real Property, Title Examination, § 1.02 [4th ed]; *see generally, Herbil Holding Co. v Commonwealth Land Tit. Ins. Co.,* 183 AD2d 219).

In the case at bar, the plaintiff's mortgage was recorded, but indexed under an erroneous lot number. Nevertheless, the existence of the mortgage lien was clearly recited in the deed conveying the encumbered property to the respondents' predecessor-in-interest. This conveyance was properly recorded and

indexed under the correct lot number. The respondents therefore had constructive notice of the plaintiff's mortgage *(see, Andy Assocs. v Bankers Trust Co.,* 49 NY2d 13), and they were chargeable with the duty to make further inquiry to determine whether the lien had been satisfied. Under the circumstances, the respondents cannot claim to be bona fide purchasers without notice of the prior lien, and summary judgment should have been granted in favor of the plaintiff. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.