■ FAIRMONT FUNDING, LTD., Appellant, v MILLY STEFANSKY et al., Defendants, and BERNAT KESTENBAUM, Respondent. [754 NYS2d 54] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Cutrona, J.), dated September 26, 2001, as denied that branch of its motion which was for summary judgment against the defendant Bernat Kestenbaum.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment against the defendant Bernat Kestenbaum is granted.

In 1989 the defendant Milly Stefansky and nonparty Isaac Stefansky were the owners of two parcels of real property located at 1231 45th Street and 1783 45th Street, respectively, in Brooklyn. In May 1989 Milly executed a note for $250,000

secured by a mortgage in favor of the plaintiff on both parcels of land. The note and mortgage were signed by Milly's husband, Eli Stefansky, as her "attorney-in-fact." On August 7, 1990, the plaintiff executed a release from the lien of the mortgage on the premises located at 1783 45th Street. The release was signed by Eli Stefansky, acting as the "attorney-in-fact" of Milly Stefansky and Isaac Stefansky. On August 8, 1990, the plaintiff and Eli Stefansky executed a consolidation and extension agreement (also known as a "spreader" agreement), whereby the mortgage was "spread" from the parcel located at 1231 45th Street back onto the parcel located at 1783 45th Street, and the principal owed pursuant to the note was reduced. The "spreader" agreement and release were recorded together on September 6, 1990, but were mistakenly recorded in reverse chronological order. Thus, the release was recorded after the "spreader" agreement, and consequently, the "spreader" agreement was the first instrument to be indexed in the Kings County public records.

Subsequently, the parcel located at 1783 45th Street was subdivided. On June 2, 1995, Milly conveyed one of the subdivided parcels to the defendant Bernat Kestenbaum. It is this parcel which is the subject of this appeal. Before Kestenbaum purchased the subject parcel, a title search was performed. The title searcher located the entries for the release and "spreader" agreement for the old undivided parcel of land. Based on his knowledge that the parcel had been subdivided and the order in which the documents were recorded, the title searcher erroneously concluded that the plaintiff's mortgage had first been consolidated and extended for the purpose of continuing as a lien against other unrelated property, and then released from the subject property as a natural incident of the subdivision of the old lot into two distinct parcels. Following the title searcher's certification that the subject property was free from the plaintiff's encumbrance, Kestenbaum purchased the property.

After Milly failed to make payments under the mortgage and note, the plaintiff commenced this foreclosure action. Kestenbaum raised certain affirmative defenses, including, inter alia, that he is a bona fide purchaser for value who took the property without notice of the plaintiff's interest. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment, finding that an issue of fact exists as to whether Kestenbaum is a bona fide purchaser. We reverse, and grant that branch of the plaintiff's motion.

A purchaser who has completed the examination of the basic

conveyances comprising the chain of title must ascertain whether the property is encumbered by mortgages (*see Astoria Fed. Sav. & Loan Assn. v June,* 190 AD2d 644; *Eltman v Harvey,* 93 Misc 2d 634, 639). The intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led (*see Andy Assoc. v Bankers Trust Co.,* 49 NY2d 13; *Astoria Fed. Sav. & Loan Assn. v June, supra*). If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed (*see People v Luhrs,* 195 NY 377; *Cambridge Val. Bank v Delano,* 48 NY 326; *Astoria Fed. Sav. & Loan Assn. v June, supra*).

In the case at bar, the plaintiff's lien was recorded and indexed. A review of that document would have revealed that the plaintiff's interest in the subject property existed at the time of the contemplated purchase. Kestenbaum therefore had constructive notice of the plaintiff's mortgage and was chargeable with the duty to make further inquiry to determine whether the lien had been satisfied or released (*see Andy Assoc. v Bankers Trust Co., supra* at 20). Under the circumstances, Kestenbaum cannot claim to be a bona fide purchaser for value without notice of the plaintiff's prior encumbrance, and therefore summary judgment should have been granted in favor of the plaintiff.

Kestenbaum's remaining contentions are without merit. Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.