■ STEVEN FARRELL et al., Appellants-Respondents, v PANA-GIOTA SITARAS, Respondent-Appellant, et al., Defendants. [803 NYS2d 659]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs have an easement over a portion of property owned by the defendant Panagiota Sitaras, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ruditzsky, J.), dated January 28, 2004, as granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action predicated on the existence of an express easement of which the defendant Panagiota Sitaras had record notice or, in the alternative, an easement by implication, and the defendant Panagiota Sitaras cross-appeals, as limited by her brief and by letter dated February 1, 2005, from so much of the same order as denied that branch of her motion which was for summary judgment on her counterclaim quieting title in her name.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs and the defendant Panagiota Sitaras (hereinafter the defendant) own adjacent lots on 85th Street in Brooklyn. The two lots were under common ownership until September 26, 1947, when the common grantor conveyed one lot to the plaintiffs' predecessor-in-title. The 1947 deed granted an easement over an existing foot path located on the remaining lot, which was retained by the common grantor, and such easement was also reflected in subsequent deeds in the plaintiffs' chain of title. In 1995, the common grantor sold the remaining lot to the defendant's predecessor-in-title. Neither the 1995 deed nor subsequent deeds in the defendant's chain of title mentioned the easement appearing in the plaintiffs' chain of title.

The plaintiffs incorrectly contend that the defendant must be charged with record notice of the easement despite the fact that it does not appear in the defendant's chain of title. A " 'pur-

chaser is not normally required to search *outside* the chain of title' . . . , and is not chargeable with constructive notice of conveyances recorded outside of that purchaser's direct chain of title" (*Witter v Taggart,* 78 NY2d 234, 239 [1991] [citations omitted], quoting *Doyle v Lazarro,* 33 AD2d 142, 144 [1970], *affd* 33 NY2d 981 [1974]). Nevertheless, an important exception to this rule applies in counties where a "block and lot" indexing system is used, since the block and lot system "enables the title searcher readily to find all conveyances within a given time frame which affect a particular parcel of land," and, under such circumstances, "there is no logical reason to afford potential purchasers additional protection by applying the time-honored rule that a purchaser is not chargeable with constructive notice of conveyances recorded outside of his direct chain of title" (*see Andy Assoc. v Bankers Trust Co.,* 49 NY2d 13, 24 [1979]). Hence, in counties using a "block and lot" indexing system, a purchaser is charged with record notice of all matters indexed under the block and lot numbers corresponding to the purchaser's property, regardless of whether such information also appears in his or her direct chain of title (*see Andy Assoc. v Bankers Trust Co., id.*).

The subject property is located in Kings County, which has used a "block and lot" system since July 1, 1964 (*see* L 1963, ch 925 [hereinafter the 1963 Law]). However, the plaintiffs do not claim that their easement appears in any index under the block and lot numbers corresponding to the defendant's property. Hence, the rule in *Andy Assoc. v Bankers Trust Co. (supra)* is not helpful to them.

Prior to July 1, 1964, instruments affecting real property in Kings County were indexed according to block numbers indicated on the Kings County land map (*see* Administrative Code of City of NY former § 1052-10.0 [superseded by the 1963 Law]). Specifically, the pre-July 1964 "block" indexes were required to contain "the names of the parties to each instrument, the date of recording the same, and the liber and page of the record thereof," as well as "the sections and blocks to which they respectively relate" (Administrative Code of City of NY former § 1052-10.0 [f] [1]).

The plaintiffs contend that, with respect to instruments recorded in Kings County prior to July 1, 1964, the rule in *Andy Assoc. v Bankers Trust Co. (supra)* should be extended to charge the defendant with record notice of all instruments indexed under the block number corresponding to the defendant's property. Because the plaintiffs' and the defendant's property are located on the same city block, the plaintiffs conclude that the de-

fendant must therefore be charged with record notice of their easement, which is noted in their 1947 deed. This argument is without merit.

The logic underlying the rule in *Andy Assoc. v Bankers Trust Co. (id.)* does not extend to the type of "block" indexing system used in Kings County before July 1, 1964. Under that system, a title searcher could easily find all instruments pertaining to properties within a particular city block, but would have no immediate way of discerning which instruments related to any particular parcel of property within that block, since lot numbers were not required to be listed in the index. If the rule in *Andy Assoc. v Bankers Trust Co. (id.)* were extended to cover instruments recorded under the old "block" system, then title searchers would be required to retrieve and review every single instrument relating to every parcel of property within an entire city block in order to find those potentially affecting the relevant parcel. That would be manifestly unreasonable. Since the "block" index contains the names of the parties, it is both logical and pragmatic to expect title searchers to search by name of the parties—much as one would do in a grantor-grantee indexing system—in order to locate those instruments within the purchaser's chain of title (*see* Administrative Code of the City of NY former § 1052-10.0, Schedule A).

In sum, we find that, while the defendant may properly be charged with record notice of all conveyances indexed after July 1, 1964, under the block and lot numbers corresponding to her property (*see Andy Assoc. v Bankers Trust Co., supra*), she cannot be charged with record notice of all instruments indexed before July 1, 1964, under the block number corresponding to her property. Rather, with respect to pre-July 1, 1964 instruments recorded under the old "block" indexing system, we apply "the time-honored rule that a purchaser is not chargeable with constructive notice of conveyances recorded outside of his [or her] direct chain of title" (*id.* at 24; *see also Witter v Taggart, supra*). Thus, the Supreme Court properly dismissed the plaintiff's claim of record notice, since the subject easement, which appears in the plaintiffs' chain of title, does not appear in the defendant's chain of title and was never indexed against the defendant's lot.

Since the defendant cannot be charged with record notice of the express easement contained in the plaintiffs' chain of title, the relevant inquiry is whether the defendant had *actual* notice of that easement before or at the time of purchase (*see Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242, 250 [1935]; *Webster v Ragona,* 7 AD3d 850 [2004]; *Miles v De Sapio,*

96 AD2d 970 [1983]; *487 Elmwood v Hassett,* 83 AD2d 409, 412 [1981]; *Keinz v Niagara Mohawk Power Corp.,* 41 AD2d 431 [1973]). In that regard, based on the record then before it, the Supreme Court properly found triable issues of fact precluding summary judgment on the defendant's counterclaim to quiet title in her name.

The parties' remaining contentions are without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.