■ CITY OF NEW YORK, Appellant, v BROOKLYN LLC et al., Respondents, et al., Defendants. [838 NYS2d 604]—

In an action to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated August 9, 2005, which, inter alia, granted the cross motion of the defendants Brooklyn LLC and Millennium Abstract Corp. for summary judgment dismissing the complaint insofar as asserted against them, deemed Brooklyn LLC the owner of the subject property, and cancelled the notice of pendency.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the cross motion of the defendants Brooklyn LLC and Millennium Abstract Corp. for summary judgment dismissing the complaint insofar as asserted against them, deeming Brooklyn LLC the owner of the subject property, and cancelling the notice of pendency, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with one bill of costs payable to the appellant by the respondents appearing separately and filing separate briefs.

The Supreme Court erred in granting the cross motion of the defendants Brooklyn LLC (hereinafter Brooklyn) and Millennium Abstract Corp. (hereinafter Millennium) for summary judgment dismissing the complaint insofar as asserted against them. Brooklyn and Millennium established their prima facie entitlement to judgment as a matter of law determining that the plaintiff's interest in the subject property was not properly recorded, based on evidence that title searches conducted on the property did not reveal any evidence of the plaintiff's ownership. In response to this prima facie showing, however, the plaintiff raised a triable issue of fact as to whether a diligent title searcher should have discovered the plaintiff's interest (*see Farrell v Sitaras*, 22 AD3d 518, 520 [2005]; *Fairmont Funding v Stefansky*, 301 AD2d 562, 564 [2003]).

The contention of Brooklyn and Millennium that the plaintiff should be estopped from claiming an interest in the subject property is without merit (*see Pless v Town of Royalton*, 81 NY2d 1047, 1049 [1993]; *Matter of Consolidated Edison Co. of N.Y. v Lindsay*, 24 NY2d 309, 317 [1969]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Balkin and McCarthy, JJ., concur.