WASHINGTON TEMPLE CHURCH OF GOD IN CHRIST, INC., Respondent, v GLOBAL PROPERTIES AND ASSOCIATES, INC., Appellant, and CITY OF NEW YORK, Respondent, et al., Defendant. (And a Third-Party Action.) [865 NYS2d 641]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property, the defendant Global Properties and Associates, Inc., appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Kings County (Battaglia, J.), dated June 25, 2007, which, upon an order of the same court dated May 31, 2007, among other things, granting the plaintiff's motion for summary judgment on its cause of action for declaratory relief, granting that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing its cross claim asserted against that defendant, and denying its cross motion for summary judgment on the issue of liability on that cross claim, inter alia, declared that the plaintiff is the owner of the subject property and dismissed its cross claim asserted against the defendant City of New York.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

By deed dated September 27, 1976 and recorded October 21, 1976, the City of New York transferred title to certain real property in Kings County (hereinafter the premises) to Washington Temple Church of God in Christ, Inc. (hereinafter Washington Temple), the successful bidder at an auction. Thereafter, by

deed dated March 22, 1977, the City erroneously sold the same premises at another auction to nonparty Darrell A. Shavers, whose deed was recorded on June 16, 1977. In August 1977 the City notified Shavers of its mistake and advised him that the sale had "no effect or validity." Although the deed issued to Shavers remained on record, Shavers did not assert any interest in the premises or contest Washington Temple's ownership of the premises, which was used by Washington Temple as a parking lot.

In July 2001 Shavers died, and in late 2004 to early 2005, his heirs purported to transfer title to the premises to the defendant Global Properties and Associates, Inc. (hereinafter Global Properties). Although Global Properties obtained a title insurance policy, the existence of the recorded deed held by Washington Temple was not discovered. In February 2005 Global Properties posted a sign at the premises threatening to tow any parked cars. Thereafter, Washington Temple commenced the instant action, inter alia, for a judgment declaring that it was the owner of the premises. Global Properties asserted a cross claim against the City.

A purchaser who fails to use due diligence in examining the title is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed (*see Fairmont Funding v Stefansky*, 301 AD2d 562, 564 [2003]; *Astoria Fed. Sav. & Loan Assn. v June*, 190 AD2d 644 [1993]). Here, the premises are located in Kings County, which has used a "block and lot" system since July 1, 1964 (*Farrell v Sitaras*, 22 AD3d 518, 520 [2005]). Therefore, Global Properties was charged with record notice of all matters indexed under the block and lot numbers corresponding to the premises, regardless of whether such information also appeared in its direct chain of title (*see Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 23-24 [1979]; *Farrell v Sitaras*, 22 AD3d 518, 520 [2005]). Since it is undisputed that the deed held by Washington Temple was recorded prior to the deed issued to Shavers, Global Properties cannot claim to have lacked knowledge or notice of the deed held by Washington Temple or that Washington Temple would assert a claim for relief (*see Stassou v Casini & Huang Constr.*, 241 AD2d 448 [1997]; *Cohen v Krantz*, 227 AD2d 581 [1996]). Accordingly, even if Global Properties' defense of laches were applicable to this case, the Supreme Court properly found that Washington Temple's claim for declaratory relief was not barred by that doctrine (*see Dwyer v Mazzola*, 171 AD2d 726 [1991]), and the court properly granted Washington Temple's motion for summary judgment on that claim.

Furthermore, contrary to Global Properties' contention, the Supreme Court properly found that the City could not be held liable to Global Properties for negligence, since a thorough title search would have revealed the existence of the deed held by Washington Temple (*see Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13 [1979]; *Farrell v Sitaras*, 22 AD3d 518 [2005]), and the failure to conduct a thorough title examination was a superseding cause of Global Properties' purchase, breaking any causal link between the City's conduct and the damages allegedly suffered by Global Properties (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Global Properties' remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur. [*See* 15 Misc 3d 1142(A), 2007 NY Slip Op 51114(U).]