DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v JOSEPH GONZALEZ et al., Defendants, and MASON TENDERS DISTRICT COUNCIL WELFARE et al., Respondents. [921 NYS2d 650]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated January 29, 2010, which granted that branch of the cross motion of the defendants Mason Tenders District Council Welfare and Steve Hammond which was, in effect, for summary judgment determining that their lien was superior to the plaintiff's mortgage.

Ordered that the order is affirmed, with costs.

The real property at issue on this appeal is located at 219 Wieland Avenue, Staten Island. The defendants Joseph Gonzalez and Jennifer Gonzalez acquired title to the property in 1993, and the title was transferred to Joseph Gonzalez in 2006. The defendants Mason Tenders District Council Welfare and Steve Hammond, as trustee (hereinafter together Mason Tenders), obtained a judgment against Joseph Gonzalez in federal court on June 30, 1998, and recorded the judgment as a lien on October 19, 1999. The Gonzalezes later took out a mortgage with Argent Mortgage Company, LLC (hereinafter Argent), which Argent recorded on January 27, 2004. Argent assigned

that mortgage to the plaintiff Deutsche Bank National Trust Company (hereinafter Deutsche Bank), which recorded the assignment of the mortgage (hereinafter the Deutsche Bank Mortgage) on April 28, 2008.

Deutsche Bank commenced the instant action to foreclose on the Deutsche Bank Mortgage. Deutsche Bank moved for a judgment of foreclosure and sale, and Mason Tenders cross-moved, inter alia, in effect, for summary judgment determining that their lien was superior to the Deutsche Bank Mortgage. In the order appealed from, the Supreme Court granted that branch of the cross motion which was, in effect, for summary judgment determining that the lien was superior to the Deutsche Bank Mortgage. We affirm.

The Supreme Court properly found that Mason Tenders' lien was superior to the Deutsche Bank Mortgage. Since the Deutsche Bank Mortgage was recorded prior to the expiration of the original judgment lien, as opposed to being recorded in the "lien gap" between the expiration of the original judgment lien and the granting of the renewal judgment (see *Mason Tenders Dist. Council Welfare Fund v Diamond Constr. & Maintenance, Inc.*, 84 AD3d 754 [2011] [decided herewith]), and since Argent and Deutsche Bank should have been aware of the lien when Argent issued and Deutsche Bank accepted the assignment of the mortgage, Mason Tenders' lien remains superior (see *Gletzer v Harris*, 12 NY3d 468 [2009]; *In re Buchardt*, 114 BR 362, 363 [ND NY 1990]).

Deutsche Bank's remaining contentions are without merit. Dillon, J.P., Covello, Eng and Chambers, JJ., concur. [**Prior Case History: 26 Misc 3d 1219(A), 2010 NY Slip Op 50176(U).**]