■ CITY OF NEW YORK, Appellant, v BROOKLYN, LLC, et al., Respondents, et al., Defendants. [924 NYS2d 811]—

In an action to quiet title to real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated December 18, 2009, as granted the motion of the defendants Brooklyn, LLC, and Millennium Abstract Corp. for summary judgment dismissing the complaint insofar as asserted against them, and

granted the separate motion of Berkshire Credit, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions are denied.

On a prior appeal in this matter, this Court concluded that the Supreme Court erred in granting the motion of the defendants Brooklyn, LLC (hereinafter Brooklyn), and Millennium Abstract Corp. (hereinafter Millennium) for summary judgment dismissing the complaint insofar as asserted against them (*see City of New York v Brooklyn LLC*, 41 AD3d 523 [2007]). This Court determined that "the plaintiff raised a triable issue of fact as to whether a diligent title searcher should have discovered the plaintiff's interest" in the subject property (*id.* at 524). Although there is a general proscription against successive motions for summary judgment, the present motion of Brooklyn and Millennium for summary judgment was supported by new evidence and, therefore was properly considered on the merits (*see EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr.*, 63 AD3d 665 [2009]).

Nevertheless, the motion of Brooklyn and Millennium for summary judgment, and the motion of the defendant Berkshire Credit, LLC (hereinafter Berkshire), for summary judgment, should have been denied. Brooklyn, Millennium, and Berkshire established their entitlement to judgment as a matter of law with experts' affidavits indicating that their title searches were diligently performed, and a diligent title searcher would not have discovered the plaintiff's interest in the property.

In response, however, the plaintiff submitted an expert's affidavit raising a triable issue of fact as to whether a diligent title searcher should have discovered the plaintiff's interest (*see Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 24 [1979]; *Farrell v Sitaras*, 22 AD3d 518, 520 [2005]). In particular, the plaintiff points to facts which it claims should have put the title searcher on inquiry notice of the plaintiff's possible interest in the property (*see Stracham v Bresnick*, 76 AD3d 1009, 1010 [2010]; *Booth v Ameriquest Mtge. Co.*, 63 AD3d 769 [2009]). When contradictory expert opinions are offered on a motion for summary judgment, credibility must be resolved by the factfinder (*see Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 859, 862 [2009]; *Menzel v Plotnick*, 202 AD2d 558 [1994]). Accordingly, the motions for summary judgment should have been denied. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur. **[Prior**

Case History: 26 Misc 3d 1215(A), 2009 NY Slip Op 52722(U).]