Emigrant Bank v Drimmer (2019 NY Slip Op 03026)





Emigrant Bank v Drimmer


2019 NY Slip Op 03026


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-09643
 (Index No. 505968/13)

[*1]Emigrant Bank, appellant, 
v
Levi Drimmer, et al., defendants, Yosef Sternberg, respondent.


Knuckles Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel),
for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage and for declaratory relief, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 24, 2016. The order and judgment, insofar as appealed from, granted the motion of the defendant Yosef Sternberg for summary judgment dismissing the complaint insofar as asserted against him, dismissed the complaint insofar as asserted against the defendant Yosef Sternberg, and declared that Yosef Sternberg was a good faith purchaser for value of the subject premises and took the property free of the subject mortgage.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Yosef Sternberg for summary judgment dismissing the complaint insofar as asserted against him is denied, and the complaint insofar as asserted against the defendant Yosef Sternberg is reinstated.
In August 1999, the defendant Levi Drimmer purchased real property in Brooklyn, financed by a $472,500 purchase money mortgage from the plaintiff's predecessor-in-interest, Emigrant Mortgage Company, Inc. (hereinafter the Emigrant mortgage). The Emigrant mortgage was not recorded until February 2006. In September 2002, Drimmer sold the property to the defendant Yosef Sternberg. Sternberg obtained a title report prior to closing, which did not show the unrecorded Emigrant mortgage. Following the sale of the premises, Drimmer continued to make monthly payments on the Emigrant mortgage, which included escrowed payments for real estate taxes on the premises. In August 2007, after learning of the sale, the plaintiff's predecessor accelerated the loan and demanded payment from Drimmer of the full balance. It thereafter stopped accepting monthly payments.
The plaintiff commenced this action, inter alia, to impose its mortgage on the premises, to foreclose the mortgage, and for a judgment declaring that its mortgage is a valid lien against the premises. Sternberg moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated May 24, 2016, the Supreme Court granted Sternberg's motion and declared that he was a good faith purchaser for value of the subject premises and took the property free of the subject mortgage. The plaintiff appeals.
"The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [emphasis omitted]; see Real Property Law § 291; Gregg v M & T Bank Corp., 160 AD3d 936, 940). " The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such'" (Gregg v M & T Bank Corp., 160 AD3d at 940, quoting Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d at 709; see Anderson v Blood, 152 NY 285, 293). "The intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led" (Fairmont Funding Ltd. v Stefansky, 301 AD2d 562, 564). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (id. at 564; see Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797, 799; Matter of Hill, 95 AD3d 889, 889; Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769).
Here, Sternberg established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that he purchased the subject property for valuable consideration, without prior notice of the Emigrant mortgage, and without knowledge of facts that would lead a reasonably prudent purchaser to make such an inquiry, and that he recorded his deed prior to the recording of the Emigrant mortgage (see 139 Lefferts, LLC v Melendez, 156 AD3d 666, 667; Washington Mut. Bank, FA v Peak Health Club, Inc., 48 AD3d 793, 797-798). However, viewing the evidence in the light most favorable to the plaintiff and resolving all reasonable inferences in its favor (see Derise v Jaak 773, Inc., 127 AD3d 1011, 1011), the plaintiff raised triable issues of fact in opposition. Specifically, evidence that the plaintiff's predecessor-in-interest paid the real estate taxes on the property both before and after Sternberg's purchase of the premises raised triable issues of fact as to Sternberg's actual knowledge of the Emigrant mortgage prior to his purchase and whether due diligence in examining the tax records for the property would have placed him on inquiry notice of the Emigrant mortgage prior to his purchase (see Ward v Ward, 52 AD3d 919, 921; 7 Vestry LLC v Department of Fin. of City of N.Y., 22 AD3d 174, 184).
Accordingly, the Supreme Court should have denied Sternberg's motion for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court