Myrtle 684, LLC v Tauber (2020 NY Slip Op 07901)





Myrtle 684, LLC v Tauber


2020 NY Slip Op 07901


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-05474
 (Index No. 519536/16)

[*1]Myrtle 684, LLC, plaintiff-appellant, 
v
Samuel Tauber, respondent, Investors Bank, defendant- appellant, et al, defendants.


Fidelity National Law Group, New York, NY (Michael C. Sferlazza and Donald G. Davis of counsel), for plaintiff-appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling of counsel), for defendant-appellant.
Law Office of Bernard D. Orazio & Associates, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for declaratory relief regarding a judgment lien held by the defendant Samuel Tauber against certain real property in Brooklyn, the plaintiff and the defendant Investors Bank separately appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 2, 2018. The order and judgment, insofar as appealed from by the plaintiff, denied that branch of the plaintiff's motion which was for summary judgment for a declaration in its favor and on the complaint insofar as asserted against the defendant Samuel Tauber, and insofar as appealed from by the defendant Investors Bank, denied the motion of the defendant Investors Bank for summary judgment on its cross claim for declaratory relief against the defendant Samuel Tauber, and, insofar as appealed from by the plaintiff and the defendant Investors Bank, granted the cross motion of the defendant Samuel Tauber for summary judgment for a declaration in his favor and dismissing the complaint insofar as asserted against him and all cross claims insofar as asserted against him by the defendant Investors Bank, and declared that those parties which recorded interests in the real property at issue after the defendant Samuel Tauber's judgment was docketed took such interests subject to a judgment lien in the sum of $217,245, together with accumulating interest.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the defendant Samuel Tauber.
In November 2016, the plaintiff, the owner of real property in Brooklyn (hereinafter the property) which is encumbered by a judgment lien held by the defendant Samuel Tauber, commenced this action pursuant to RPAPL article 15 against, among others, Tauber and the defendant Investors Bank, which holds a mortgage on the property subject to the judgment lien. At issue is the amount of the judgment lien. The plaintiff seeks, inter alia, a judgment declaring that the judgment lien held by Tauber against the property is limited to the amount of $16,050.
Following discovery, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Tauber. Investors Bank had asserted a cross claim against Tauber for similar declaratory relief as to the amount of the judgment lien and moved for summary judgment on its cross claim against Tauber. Tauber cross-moved for summary judgment dismissing the complaint and Investors Bank's cross claim insofar as each was asserted against him, and for a declaration in his favor, contending that the judgment lien was in the amount of $217,245, with accumulating interest, even though the judgment docket index incorrectly recites the judgment amount to be only $16,050.
By order and judgment dated April 2, 2018, the Supreme Court, inter alia, denied those branches of the separate motions of the plaintiff and Investors Bank insofar as they sought relief against Tauber, granted Tauber's cross motion, and declared that those parties which recorded interests in the property after Tauber's judgment was docketed took such interests subject to a judgment lien in the amount of $217,245, together with accumulating interest. The plaintiff and Investors Bank separately appeal.
Here, there is no dispute that the judgment obtained by Tauber was in the amount of $217,245, with accumulating interest. However, the plaintiff and Investors Bank contend that the lien should be valued at only $16,050, the amount set forth in the judgment docket, contending that Tauber, as the judgment lienholder, has the burden to ensure that the judgment docket contains accurate information and since he failed to do so with respect to the amount of the judgment, the lien is limited to the docketed amount. They also argue, alternatively, that they are, respectively, a bona fide purchaser and encumbrancer for value without notice of the "undocketed amount" of the judgment lien and thus, should not be liable for any lien amount in excess of $16,050.
"CPLR 5203(a) gives priority to a judgment creditor over subsequent transferees with regard to the debtor's real property in a county where the judgment has been docketed with the clerk of that county" (Matter of Accounts Retrievable Sys., LLC v Conway, 83 AD3d 1052, 1053; see CPLR 5203[a]; Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d 841, 841-842). Once a judgment is docketed, it becomes a lien on the real property of the judgment debtor in the county where the judgment is docketed (see Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842, citing Matter of Accounts Retreivable Sys., LLC v Conway, 83 AD3d at 1053).
CPLR 5018(c) provides that "[a] judgment is docketed by making an entry in the proper docket book . . . under the surname of the judgment debtor first named in the judgment," and then sets forth that the entry "shall consist of" certain information set forth in enumerated subparagraphs, including, inter alia: "(i) the name and last known address of each judgment debtor . . . ; (ii) the name and last known address of the judgment creditor; (iii) the sum recovered or directed to be paid in figures; (iv) the date and time the judgment-roll was filed; (v) the date and time of docketing; (vi) the court and county in which judgment was entered; and (vii) the name and office address of the attorney for the judgment creditor" (CPLR 5018[c][1]).
Although the statute does not indicate the consequences that ensue when a docketing entry fails to comply with each of the stated requirements of CPLR 5018(c)(1), when a judgment is docketed under a surname other than a judgment debtor's correctly spelled surname, no valid lien against the property of that judgment debtor is created (see Matter of Fischer v Chabbott, 178 AD3d 923, 924; Matter of Smith v Ralph Dinapoli Landscaping, Inc., 111 AD3d at 842). "[T]he docketing [must be] in the correct name of the debtor, if it is to be notice to subsequent purchasers" (We Buy Now, LLC v Cadlerock Joint Venture, LP, 46 AD3d 549, 549 [internal quotation marks omitted]). The judgment creditor who seeks to create a lien on real property held by the judgment debtor has the duty to ensure that the judgment reflects the full name of the judgment debtor (see id.).
In contrast, where the judgment is docketed under the correct surname but the first name docketed does not match the first name of the debtor, a valid lien attaches where the stated first name is a commonly known derivative of the debtor's first name (see H.R. & C. Co., Inc. v Smith, 242 NY 267, 272; Matter of Accounts Retrievable Sys., LLC v Conway, 83 AD3d at 1053). [*2]Similarly, a judgment lien docketed in the correct name of a debtor but at an address other than the address of the real property at issue has been held to be superior to a subsequent mortgage against the property, notwithstanding a bank's erroneous determination that the judgment lien was against a different person having the same name (see Deutsche Bank Natl. Trust Co. v Gonzalez, 26 Misc 3d 1219[A], 2010 NY Slip Op 50176[U] [Sup Ct, Richmond County], affd 84 AD3d 723). In each of these cases, the judgment docket indices at issue provided notice of the existence of judgments that could potentially be clouds on the title of the respective properties, as an unsatisfied judgment of record against a seller of property renders the title unmarketable at the time of closing (see King v Island Park Assocs., Inc., 237 App Div 910, 910). Although Tauber, as the lienholder, had the burden to set forth sufficient information on the judgment docket to provide notice to future purchasers or encumbrancers, upon doing so, the purchasers or encumbrancers who failed to investigate further did so at their peril.
Thus, Tauber established his entitlement to summary judgment by demonstrating, prima facie, that (1) the lien was docketed under the correct surname, (2) the amount of the judgment was $217,245, with accumulating interest, and (3) the plaintiff and Investors Bank each had notice of the judgment lien and knew that they took their interests in the property subject to Tauber's lien. Tauber further demonstrated that any reasonable inquiry into the details of the judgment would have revealed that the $16,050 amount set forth in the judgment docket index is an incorrect amount, and that the actual amount of the judgment is the principal amount of $200,000, together with $16,050 in interest and $1,195 in costs and disbursements, for a total of $217,245, plus accumulating interest (see Fairmont Funding v Stefansky, 301 AD2d 562, 564; Astoria Fed. Sav. & Loan Assn. v June, 190 AD2d 644, 645-646). There is no evidence in the record to suggest that either the plaintiff or Investors Bank undertook any such inquiry. Nonetheless, the plaintiff and Investors Bank are charged with constructive notice of the amount of Tauber's judgment lien and were required to make further inquiry to determine whether the lien had been satisfied or released. Having failed to do so, their contentions—that they are, respectively, a bona fide purchaser and encumbrancer for value without notice of the full amount of the judgment lien—lack merit (see Fairmont Funding v Stefansky, 301 AD2d 562; Astoria Fed. Sav. & Loan Ass'n v June, 190 AD2d 644).
In opposition to Tauber's prima facie showing, the plaintiff and Investors Bank failed to raise a triable issue of fact. Contrary to the contentions of the plaintiff and Investors Bank, the judgment docket index is merely notice of a lien and the lien is the judgment (see Manton v Brooklyn & Flatbush Realty Co., 217 NY 284, 288; see also CPLR 9702[5]). Neither the plaintiff nor Investors Bank can demonstrate that they were prejudiced by the incorrect amount set forth in the docket index where, as here, they have constructive notice of Tauber's judgment and chose to take their interests in the property without first ensuring that the judgment was satisfied.
Accordingly, we agree with the Supreme Court's determination granting Tauber's cross motion, denying that branch of the plaintiff's motion which was for summary judgment for a declaration in its favor and on the complaint insofar as asserted against Tauber, denying Investors Bank's motion, and declaring that those parties which recorded interests in the property after Tauber's judgment was docketed, took such interests subject to a judgment lien in the sum of $217,245, together with accumulating interest.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court