Deutsche Bank Natl. Trust Co. v Hamilton (2022 NY Slip Op 03372)





Deutsche Bank Natl. Trust Co. v Hamilton


2022 NY Slip Op 03372


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-03105
2019-07073
2019-07099
 (Index No. 24500/07)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Princess Hamilton, et al., defendants, 153 Berriman St. Estate, Inc., appellant.


Freeman & Associates, LLP, Brooklyn, NY (Aldric Freeman of counsel), for appellant.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Joseph P. Teig and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 153 Berriman St. Estate, Inc., appeals from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated October 3, 2018, (2) an order of the same court dated April 4, 2019, and (3) an order of the same court, also dated April 4, 2019. The order dated October 3, 2018, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The first order dated April 4, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were to ratify and validate an order of reference dated December 13, 2007, and to substitute, nunc pro tunc, an affidavit of merit and amount due in place of the original affidavit submitted in support of the motion, inter alia, for an order of reference. The second order dated April 4, 2019, granted the plaintiff's motion to appoint a temporary receiver for the rents and profits of the subject property.
ORDERED that the order dated October 3, 2018, and the first order dated April 4, 2019, are affirmed insofar as appealed from; and it is further,
ORDERED that the second order dated April 4, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
This action to foreclose a mortgage on real property located in Brooklyn (hereinafter the property) was commenced in July 2007. The mortgagor defaulted in the action, and on December 13, 2007, an order of reference was issued. In an order dated September 10, 2013, the Supreme Court, sua sponte, directed dismissal of the complaint and directed the County Clerk to vacate the notice of pendency. Thereafter, on June 26, 2015, the property was sold by the mortgagor to 153 Berriman St. Estate, Inc. (hereinafter 153 Berriman), which recorded its deed thereto on July 9, 2015.
In August 2016, the plaintiff's motion to reinstate the complaint was granted, and in [*2]September 2016, the plaintiff re-filed its notice of pendency. According to 153 Berriman, it learned, in May 2018, that the complaint had been reinstated and the notice of pendency had been re-filed. In July 2018, 153 Berriman moved for leave to intervene in the action, and pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated October 3, 2018, the Supreme Court granted that branch of the motion which was for leave to intervene in the action, on consent of the plaintiff, and denied that branch of the motion which was to dismiss the complaint.
The Supreme Court properly denied that branch of 153 Berriman's motion which was to dismiss the complaint on the ground that its ownership interest in the property was not subject to the plaintiff's mortgage, since, when it purchased the property, the complaint in this action to foreclose the mortgage had been dismissed and the notice of pendency had been vacated. 153 Berriman did not establish that it lacked knowledge, either actual or constructive, of the plaintiff's mortgage when it purchased the property (see HSBC Mtge. Servs., Inc. v Alphonso, 58 AD3d 598, 599; Pacific Lime v Lowenberg Corp., 77 AD2d 737, 739).
In the second order appealed from, dated April 4, 2019, the Supreme Court amended the caption so as to designate 153 Berriman as a defendant, and granted those branches of the plaintiff's motion which were to ratify and validate the December 13, 2007 order of reference and to substitute, nunc pro tunc, an affidavit of merit and amount due in place of the original affidavit submitted in support of the motion, inter alia, for an order of reference, in order to comply with Administrative Order 548/10, as amended by Administrative Order 431/11 of the Chief Administrative Judge of the Courts. The court providently exercised its discretion in granting those branches of the plaintiff's motion in the absence of a showing that a substantial right of a party would be affected (see LaSalle Bank N.A. v Lopez, 168 AD3d 697, 700; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862; U.S. Bank N.A. v Eaddy, 109 AD3d 908, 910).
Finally, in the third order appealed from, also dated April 4, 2019, the Supreme Court granted the plaintiff's motion to appoint a temporary receiver for the rents and profits of the property. The court properly disregarded the plaintiff's error in failing to serve this motion on 153 Berriman, since 153 Berriman was not prejudiced thereby, as it responded to the motion on the merits (see Key Bank Nat. Assn. v Stern, 14 AD3d 656, 657). Moreover, the court providently exercised its discretion in granting the motion, as a provision of the mortgage entitles the plaintiff to the appointment of a receiver (see Real Property Law § 254[10]), and 153 Berriman failed to show that denial of the motion was warranted here (see US Bank, N.A. v Rufai, 202 AD3d 716; GECMC 2007-C1 Ditmars Lodging, LLC v Mohola LLC, 84 AD3d 1311, 1312).
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court