US Bank NA v 532 W. 187 Realty LLC (2022 NY Slip Op 07211)

US Bank NA v 532 W. 187 Realty LLC

2022 NY Slip Op 07211

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 850323/13 Appeal No. 16927-16927A Case No. 2021-04357 

[*1]US Bank NA as Legal Title Trustee for Truman 2013 SC4 Title Trust, Plaintiff-Respondent,
v
532 W. 187 Realty LLC, Defendant-Appellant, The Nassau County Public Administrator etc., et al., Defendants.

The Law Office of Jeremy Rosenberg, Chestnut Ridge (Jeremy Rosenberg of counsel), for appellant.
Friedman Vartolo LLP, New York (Ronald P. Labeck of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Francis A. Kahn, III, J.), entered January 24, 2022, which granted plaintiff's motion for a judgment of foreclosure and sale and to confirm the Referee's report, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about May 7, 2021, which granted plaintiff's motion for summary judgment dismissing defendant 532 W. 187 Realty LLC's (defendant) affirmative defenses and counterclaims and denied defendant's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
Plaintiff established prima facie entitlement to summary judgment by submitting copies of the original note, mortgage, and loan modification, and evidence of the borrower's default in payment (see Bank of Am., N.A. v Angel, 194 AD3d 563 [1st Dept 2021]). Defendant failed to raise an issue of fact, as the unrecorded discharge of mortgage upon which defendant relies "cannot serve to insulate a subsequent purchaser from prior claims, when the existence of such claims was apparent from the face of the record" (Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 22 [1979]; see also Fairmont Funding Ltd. v Stefansky, 301 AD2d 562, 564 [2d Dept 2003]). If defendant had reviewed the public record, as required, it would have gained indisputable knowledge that the purported discharge of mortgage had never been entered or recorded and that the original mortgage was still recorded, and that it could not insulate itself from any claims related to the underlying mortgage debt. The affidavit from defendant's officer "provided insufficient information that would authenticate" the records relied upon (Oldham v City of New York, 155 AD3d 477, 478 [1st Dept 2017]), as the affidavit offered no explanation as to why the purported discharge was never recorded. Absent any corroborating evidence, the unauthenticated discharge was insufficient to raise an issue of fact (see Concepcion v City of New York, 202 AD3d 403 [1st Dept 2022], citing Yassin v Blackmun, 188 AD3d 62, 65 [2d Dept 2020]; Stock v Otis El. Co., 52 AD3d 816, 816-817 [2d Dept 2008]). Defendant's challenge to the affidavits submitted by plaintiff in support of its motion for summary judgment is unavailing (see Bank of Am., N.A. v
Brannon, 156 AD3d 1, 8 [1st Dept 2017]; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296 [3d Dept 2012], lv denied 20 NY3d 858 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022