Marcus Gr. Christ, J.
This is an action to foreclose a second mortgage on real property. The contesting defendants are the third and fourth mortgagees. They contend that the plaintiff is *1035 one of the owners of the fee title and that his purpose in purchasing the first and second mortgages was to cause a default and by foreclosure to freeze out the third and fourth mortgagees. It is urged that the plaintiff may not prevail for two reasons, one, that the mortgage is no longer alive, it having been merged in the fee title and secondly that if it were alive the relief sought by the plaintiff is unconscionable.
The plaintiff with six other persons is a member of a partnership called Forest Associates. This partnership is the owner of the property in suit here. It purchased the land herein designated as Parcel No. 3, subject to four mortgages. When this had been acquired the partnership then purchased adjoining land designated as Parcels Nos. 1 and 2. The plan was to develop the whole tract into a residential community. Financial problems, however, beset the undertaking and the partnership decided to abandon Parcel No. 3 to the mortgagees. The plaintiff in discussing the matter with the first and second mortgagees, discovered that he could purchase these mortgages at discounts from the face amounts due. He discussed this with his partners and obtained their consents to go forward to purchase the mortgages and if need be to foreclose them. The bond and mortgage in suit are found to be as described in paragraphs 1 and 2 of the complaint. It contains the usual 30-day default clauses as to taxes and interest. It is recorded in Liber 5737 of mortgages, at page 83 in the office of the Clerk of the County of Nassau on December 12,1955 and it covers the land described in the complaint. This mortgage was assigned by the Franklin National Bank that came to hold it by mesne assignments to Louis Mintz, the plaintiff. The assignment to Mintz contains this clause: “It is the intention that this assigned mortgage shall not merge with the fee.”
There are now defaults in interest from December 2, 1956 to date and taxes due from July 1,1957 to date.
The court finds that the money paid by the plaintiff to purchase the first and second mortgages was not paid on behalf of the partnership but on behalf of himself. Evidence shows that he sought to borrow the money on his personal note and although the partners indorsed his note the mortgage purchase was for his personal account. There is no testimony to the contrary. Although there are facts from which inferences of an interest by the partnership might be drawn, such inferences are not permissible for the facts are also consistent with the plaintiff’s theory of the case.
*1036 Thus, the assignments of mortgage to Mintz do not make the fee title and the mortgage interest coextensive. This in itself is sufficient to prevent the merger of the two interests, for if there are other interests in the fee, not in the mortgage, the mortgage would be good against the other owners. There is more, however, an express declaration in the assignment that there was not to be a merger, also prevents the death of the mortgages by merger (Millspaugh v. McBride, 7 Paige Ch. 509; 2 Jones, Law of Mortgages of Real Property [8th ed.], § 1089, p. 522; 5 Tiffany, Law of Real Property [3d ed.], § 1480, p. 507 et seq.). The intention of the parties not .to have the fee and the mortgage interest merge is unmistakable, positive and clear.
The court finds that the first and second mortgages are fully alive.
The plaintiff by his purchase of the prior liens at a discount did not and could not prejudice the third and fourth mortgagees’ rights.
Prior to Mintz acquiring the mortgages, the defendant mortgagees had certain rights. After Mintz took the mortgages these rights were unimpaired. They were the same after as before.
In the event of a default in principal, interest or taxes, the defendants could foreclose; they could keep the prior mortgage paid up and proceed against the real property. In this case, no personal judgment could be taken.' There is permitted only a judgment in rem against the land, as provided in all four mortgages.
The defendants ask that their third and fourth mortgages now be made first liens upon the property subordinating the prior obligations to theirs. This would result in an unjust enrichment to them. Mortgages which the defendants now hold to be in jeopardy would become gilt-edged.
The court does not find inequitable conduct on the part of the plaintiff. There is no fraud or deceit involved. There were legal rights to which defendants’ mortgages were subject. Whether these rights are in plaintiff’s hands or in the hands of others does not alter the case here. The allegations of the complaint are found to be true.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment of foreclosure as prayed for in the complaint granted, together with interest and the costs of this action.
The counterclaim is dismissed.
Submit judgment.