Clare J. Hoyt, J.
Defendant Eidelberg moves to dismiss the complaint for the foreclosure of a mortgage on the grounds of insufficiency in law.
The plaintiffs allege that on November 2, 1964 defendant Surrey mortgaged certain premises to plaintiff, American Savings and Loan Association, to secure the sum of $450,000, that thereafter a participating interest in said mortgage was assigned to plaintiff Jackson Heights Savings and Loan Association, that said premises are incumbered by a mortgage in the amount of $59,800 given by defendant Surrey to defendant Eidelberg’s testator which mortgage was subordinated to the mortgage which is the subject of this action. It is further alleged that on September 21,1966, after default, defendant Surrey conveyed said premises to plaintiffs in lieu of foreclosure by a deed providing, inter alia, that it was subject to the mortgages to plaintiffs and to Eidelberg and that ‘1 this deed shall not merge with the mortgage hereinbefore referred to which is recorded in Liber 831 of Mortgages, page 410. It is the intention of the parties hereto that the mortgage shall not merge in the fee on the fee title hereby conveyed and that said mortgage shall continue to be and remain a valid first and subsisting lien on the premises for the amount due thereon ”. The plaintiffs seek the normal relief in a foreclosure action except that no claim is made for a deficiency. On the argument of this motion counsel for defendant Eidelberg made an oral motion to strike Surrey Apartments, Ltd., as a defendant.
The latter motion was made because the complaint before the court was served pursuant to leave granted by an order of Mr. Justice Hawkins that dismissed an earlier complaint. The earlier complaint did not name Surrey Apartments, Ltd., as a *670 party. The order dismissing it awarded plaintiffs leave to replead within 10 days. Normally leave to replead would not include leave to add a new party but in the matter before us one of the grounds upon which defendant Eidelberg sought dismissal of the earlier complaint was that the necessary party now added was not joined. Thus we think the addition of Surrey Apartments, Ltd., in the repled complaint is proper.
Defendant Eidelberg contends that the conveyance to plaintiffs by the mortgagor constituted a satisfaction and payment of the mortgage and that plaintiffs thus hold no mortgage which can be the subject of this action. It is further asserted that this is a device to cut off the rights of Eidelberg, the second mortgagee.
Where as here, the title to the land and the ownership of the mortgage becomes vested in the same person, the mortgage may become merged and extinguished. This is effected unless the mortgagee intended otherwise or unless justice requires that the two interests be kept separate (38 N. Y. Jur., Mortgages and Deeds of Trust, § 256). The language of the deed clearly expresses the intention of the mortgagee and mortgagor that there be no merger. Provision for nonmerger is permissible and it serves to prevent a merger. (See Mintz v. Kupferstein, 14 Misc 2d 1034.) In this an equitable action where the rights of all the parties must be preserved and protected, plaintiffs may proceed with their action in a manner which will not prejudice the holder of the second mortgage.
This can be accomplished by a determination on the computation of the amount due the plaintiffs. There, of course, may be no double recovery, they may not appropriate the security and then enforce the debt without regard to the value of the security. (Central Hanover Bank & Trust Co. v. Roslyn Estates, 266 App. Div. 244.) “Where the mortgagee acquires the fee or equity of redemption by conveyance from the mortgagor or a subsequent owner, it constitutes a satisfaction of the mortgage and also of the bond accompanying it if the property, at the time of the conveyance, is equal in value to the debt for which it was mortgaged. If it be of less value than the debt, it is payment pro tanto (266 App, Div. 244, 248-249).
Thus upon the adjudication of the value of the premises at the time of their conveyance to plaintiffs, it can be determined what balance, if any, is owed to plaintiffs on their mortgage. This will protect the rights of the subordinate mortgagor and permit plaintiffs to proceed with the foreclosure of the mortgage if it be determined that the conveyance to them did not constitute payment and satisfaction of their mortgage. The motion is denied.