■ CAMBRIDGE FACTORS, INC., Respondent, v EARL G. THOMPSON, Appellant, et al., Defendants. [626 NYS2d 259] —In an action, *inter alia,* to foreclose a mortgage, the defendant Earl G. Thompson appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Stolarik, J.), dated March 17, 1993, which is in favor of the plaintiff and against him.

Ordered that the order and judgment is affirmed, with costs.

As a general rule of law, a mortgage may become merged and extinguished where title to the land and ownership of the mortgage become vested in the same person *(see,* 78 NY Jur 2d, Mortgages and Deeds of Trust, § 314; *Becker v Snowden Dev. Corp.,* 66 Misc 2d 1060; *American Sav. & Loan Assn. v Eidelberg,* 54 Misc 2d 668). Although equity will intervene to bar a merger where such was the intent of the mortgagee or if justice so requires, the court may nonetheless declare that a merger occurred if such a declaration is required to protect the rights of a third person, such as the holder of a junior mortgage *(see,* 78 NY Jur 2d, Mortgages and Deeds of Trust, §§ 315, 316).

We agree with the Supreme Court that, under the circumstances of this case, it was clear that the appellant, through the use of aliases and alter egos, held title to the property under one name and held the first mortgage in the name of a sham corporation with the apparent purpose of perpetrating a fraud upon the plaintiff, the holder of a second mortgage. Accordingly, the court did not err in finding that a merger of the interests of the owner and the first mortgagee had occurred.

The appellant's remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.