■ GARY GARAN et al., Respondents, v THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants, and STERLING COMMERCIAL CAPITAL, INC., et al., Appellants. [686 NYS2d 419] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about December 19, 1997, which, in an action to foreclose a mortgage, *inter alia*, ruled that plaintiffs' mortgage was not extinguished by a previous mortgage foreclosure and sale by defendant-appellant prior mortgagee, and denied the motion of the prior mortgagee and its nominee for summary judgment and cancellation of a notice of pendency, unanimously affirmed, without costs.

We agree with the IAS Court that inquiry is appropriate into whether the nominally separate entity that took title to the property by way of a deed in lieu of foreclosure during the pendency of appellant's foreclosure action was truly separate or an alter ego of appellant created to defeat the rights of a subordinate lienor, and, if the latter, that equity should intervene to protect the subordinate lienor by declaring a merger of appellant's mortgage with the fee (*see, Cambridge Factors v Thompson*, 215 AD2d 427). Here, appellant's nominee was newly formed, had the same address as appellant, and took title without giving notice to plaintiffs even though appellant knew of plaintiffs' mortgage at that time. Further, after the deed had been delivered to its nominee, appellant, for unclear reasons, resumed prosecution of its long dormant foreclosure action without even advising the court of such deed. Under the circumstances, the court appropriately declared a merger. Concur—Ellerin, P. J., Rubin, Mazzarelli and Saxe, JJ.