■ Douglas G. Nestler, Appellant, v Dream Acres, Inc., et al., Defendants, and VSA Residential, L.P. et al., Respondents. [711 NYS2d 743] —In an action pursuant to RPAPL article 15 to quiet title to certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (LaCava, J.), dated March 26, 1999, as denied his cross motion for summary judgment against the defendants VSA Residential, Limited Partnership, Harold Weber, and Robert Nilsson.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is granted.

The defendant VSA Residential, L.P. (hereinafter VSA), the owner of the subject real property, obtained a loan from the defendant Dream Acres, Inc. (hereinafter Dream Acres). In return, Dream Acres received a mortgage and a note signed by Harold Weber and Robert Nilsson, the general partners of VSA. Weber and Nilsson personally guaranteed the loan.

Upon VSA's default, Dream Acres commenced an action against Weber and Nilsson, electing to recover on the note rather than foreclose on the mortgage. While that action was pending, however, the subject property was sold at a public auction and deeded to the County of Dutchess following the failure of VSA to pay approximately $2,000 in taxes.

The plaintiff, who subsequently purchased the property from the County of Dutchess at an auction and received a quitclaim deed, made a prima facie showing of his entitlement to summary judgment in this action to quiet title (*see, Melahn v Hearn,* 60 NY2d 944). Nilsson's speculative and conclusory allegation that a principal of Dream Acres financed the plaintiff's purchase in a scheme to defeat the respondents' right to an offset of the value of the property against the indebtedness was insufficient to raise an issue of fact in this regard (*cf., Garan v People,* 259 AD2d 313; *Cambridge Factors v Thompson,* 215 AD2d 427).

The parties' remaining contentions are without merit. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.