■ CONGREGATION BETH MEDROSH OF MONSEY, INC., Respondent, v ROLLING ACRES CHESTNUT RIDGE, LLC, et al., Defendants, and EMPIRE STATE BANK, N.A., Appellant. (And a Third-Party Action.) [956 NYS2d 95]—

In November 2005, the defendants Rolling Acres Chestnut Ridge, LLC, and Rolling Acres Developers, LLC, executed a mortgage note in the sum of $1.2 million. As security for the note, they executed and delivered to the plaintiff a mortgage covering two parcels of property, which was recorded on November 21, 2005. Previously, a $1 million mortgage on the first of the two parcels identified in the plaintiff's mortgage had been delivered to FKF3, LLC, which was recorded on July 14, 2005. Subsequently, the plaintiff received a payment of $450,000 on the note, leaving a balance of $750,000, and released the second parcel from the mortgage lien.

On March 11, 2007, FKF3, LLC, assigned its mortgage to the defendant Empire State Bank, N.A. (hereinafter Empire). Two days later, Rolling Acres Chestnut Ridge, LLC, delivered to Empire a new mortgage on the property for $2,425,000, and Empire entered into an agreement consolidating its two mortgages for a total lien of $3,425,000. Empire alleges that in entering these transactions, it relied on the representation of its title insurer, supported by a purported letter from the plaintiff's treasurer, that the plaintiff's $750,000 mortgage had been satisfied. However, no satisfaction of mortgage was ever recorded. Empire's consolidated mortgage was recorded on May 25, 2007.

In May 2009, Empire commenced an action to foreclose on its consolidated mortgage. To settle the matter, in November 2009, Empire accepted a deed in lieu of foreclosure. In January 2010, the plaintiff commenced this action, inter alia, to foreclose on

its mortgage. The plaintiff joined Empire as a defendant so as to obtain a declaration that its interest in the property was superior to that of Empire, alleging that Empire's mortgage interest merged into its ownership interest upon acceptance of the deed in lieu of foreclosure, thereby extinguishing its mortgages. Thereafter, the plaintiff moved, among other things, for summary judgment on the amended complaint insofar as asserted against Empire, and Empire cross-moved to extend discovery. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against Empire and denied Empire's cross motion.

The Supreme Court properly awarded summary judgment to the plaintiff on so much of the amended complaint as, in effect, sought a declaration that Empire's $2,425,000 mortgage is subordinate to the plaintiff's previously recorded mortgage. "The recording of a transaction involving real property provides potential subsequent purchasers [and encumbrancers] with notice of 'previous conveyances and encumbrances that might affect their interests' " (*Stracham v Bresnick*, 76 AD3d 1009, 1010 [2010], quoting *Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 20 [1979]). "If the [encumbrancer] fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (*Fairmont Funding v Stefansky*, 301 AD2d 562, 564 [2003]). Here, the plaintiff demonstrated that its mortgage was recorded prior to Empire's consolidated mortgage and, therefore, Empire had constructive notice of the plaintiff's prior interest. In opposition, Empire failed to raise a triable issue of fact as to the priority between the plaintiff's mortgage and its $2,425,000 mortgage. Whether Empire reasonably relied on the letter, purportedly from the plaintiff's treasurer, stating that the plaintiff's $750,000 mortgage had been satisfied, is irrelevant to the determination of priority of interests here. No satisfaction of mortgage was recorded.

However, the Supreme Court improperly awarded summary judgment to the plaintiff on so much of the amended complaint as, in effect, sought a declaration that the plaintiff's mortgage was entitled to priority over Empire's previously recorded $1 million assigned mortgage. "As a general rule of law, a mortgage may become merged and extinguished where title to the land and ownership of the mortgage become vested in the same person" (*Cambridge Factors v Thompson*, 215 AD2d 427, 427 [1995]). Nevertheless, the doctrine of merger is disfavored (*see Jemzura v Jemzura*, 36 NY2d 496, 502 [1975]; *Dunkum v Mac-*

*eck Bldg. Corp.*, 256 NY 275, 281 [1931]), and "equity will intervene to bar a merger where such was the intent of the mortgagee or if justice so requires," in the absence of intervening rights of creditors and third parties (*Cambridge Factors v Thompson*, 215 AD2d at 427; *see Dunkum v Maceck Bldg. Corp.*, 256 NY at 281; *Matter of Long Is. Light. Co. v Commissioner of Taxation & Fin. of State of N.Y.*, 235 AD2d 637, 638 [1997]). "Thus, the determinative issue is whether the owner intended there be a merger, which must be discerned from all the circumstances, including the effect a merger would have on the owner's interest" (*Matter of Long Is. Light. Co. v Commissioner of Taxation & Fin. of State of N.Y.*, 235 AD2d 637, 638 [1997]). Here, the plaintiff submitted no evidence of Empire's intent to merge its mortgage and ownership interests when it accepted the deed in lieu of foreclosure. Moreover, a merger would injure Empire by subordinating its prior assigned mortgage to the plaintiff's subsequent mortgage, and the plaintiff would not be unjustly injured if a merger is not recognized, given that it accepted its mortgage interest with the knowledge that the previously recorded assigned mortgage was superior. Accordingly, justice requires that a merger be prevented here, and, upon searching the record, we award summary judgment to Empire declaring that its $1 million assigned mortgage is entitled to priority over the plaintiff's mortgage.

Empire also contends that further discovery is required to determine whether the plaintiff's mortgage is invalid and unenforceable for its failure, as a religious Type B not-for-profit corporation, to obtain leave of the Supreme Court to make the loan in accordance with Not-For-Profit Corporation Law §§ 510 and 511. However, since Empire is not a member of the plaintiff, it lacks standing to challenge the alleged statutory violation (*see Congregation Atzei Chaim v 26 Adar N.B. Corp.*, 27 AD3d 412, 412-413 [2006]; *Matter of Bridge to Spiritual Freedom*, 304 AD2d 574 [2003]; *Matter of Friends World Coll. v Nicklin*, 249 AD2d 393 [1998]; *see also Female Academy of the Sacred Heart v Doane Stuart School*, 91 AD3d 1254, 1256 [2012]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that Empire's mortgage in the sum of $1 million has priority over the plaintiff's mortgage, and that the plaintiff's mortgage has priority over Empire's $2,425,000 mortgage (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.