Gregg v M&T Bank Corp. (2018 NY Slip Op 02774)





Gregg v M&T Bank Corp.


2018 NY Slip Op 02774


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-10583
 (Index No. 17697/10)

[*1]Heidi C. Gregg, appellant,
v M & T Bank Corporation, respondent.


Morris, Downing & Sherred, LLP, New York, NY (Douglas C. Gray and David L. Johnson of counsel), for appellant.
Schiller, Knapp, Lefkowitz & Hertzel LLP, Latham, NY (Gary A. Lefkowitz of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is entitled to recover, inter alia, one half of the proceeds from the sale of certain real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered August 7, 2015. The judgment, upon an order of the same court entered December 3, 2012, denying, in part, that branch of the plaintiff's motion which was for summary judgment declaring, in effect, that she is entitled to one tenth of the proceeds from the sale of the subject property, and the entire principal on her mortgage, plus interest from May 2, 2006, until August 26, 2010, and reasonable costs, including an attorney's fee and disbursements, incurred in connection with collecting the indebtedness secured by her mortgage, and granting that branch of the defendant's cross motion which was for summary judgment declaring it is entitled to receive the sum of $228,255.17 from the funds held in escrow, and upon an order of the same court entered July 10, 2014, granting the defendant's cross motion to resettle the order entered December 3, 2012, in effect, declared that the plaintiff is entitled to recover the principal sum of only $25,255.17 and the defendant is entitled to recover the principal sum of $228,361.69.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment declaring, in effect, that she is entitled to one tenth of the proceeds from the sale of the subject property, and the entire principal on her mortgage, plus interest from May 2, 2006, until August 26, 2010, and reasonable costs, including an attorney's fee and disbursements, incurred in connection with collecting the indebtedness secured by her mortgage is granted in its entirety, that branch of the defendant's cross motion which was for summary judgment declaring it is entitled to receive the sum of $228,255.17 from the funds held in escrow is granted to the extent of declaring that the defendant is entitled to receive such sum, less the amount the plaintiff is due, and is otherwise denied, the defendant's cross motion to resettle the order entered December 3, 2012, is denied, the orders entered December 3, 2012, and July 10, 2014, are modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
In 1999, Marie Graham deeded a property located on the corner of Horace Place and Glen Cove Avenue in Sea Cliff to her son Newell Graham. In 2000, Marie commenced an action [*2]against Newell regarding the property. In 2002, Marie and Newell entered into a stipulation of settlement in open court settling that action (hereinafter the 2002 settlement). Pursuant to the 2002 settlement, Marie agreed to discontinue the action against Newell in return for Newell agreeing to sell the property and give one half of the net proceeds from the sale to his sister, Heidi C. Gregg, the plaintiff in the instant action. The 2002 settlement further provided that "[i]t is the contemplation of the parties that Newell Graham will cause no liens or encumbrances to presently exist or which may hereinafter may exist, contemplating and until the time of the sale of the property."
At some point thereafter, the property was divided into two parcels—a residential parcel on 6 Horace Place and a commercial parcel on 277 Glen Cove Avenue. The instant action involves a dispute over the proceeds from the eventual sale of the residential parcel.
By deed dated April 2, 2006 (hereinafter the 2006 deed), Newell conveyed title to the residential parcel to himself and Heidi as tenants in common, granting Heidi an undivided one-tenth interest and himself an undivided nine-tenths interest. On May 2, 2006, Newell sold the commercial parcel and gave Heidi one half of the proceeds. Heidi then loaned Newell $50,000 from her proceeds. Newell executed a note in the sum of $50,000 in favor of Heidi. The note was secured by a mortgage on the residential parcel (hereinafter Heidi's mortgage). As relevant here, Heidi's mortgage stated that the principal of $50,000 was to be "paid with interest thereon to be computed from the 2nd day of May 2006, at the rate of six (6%) per centum per annum" and that "[t]he entire principal balance, together with all accrued interest shall be due and payable upon the sale of the subject premises." The mortgage also provided that in the event it became necessary "to collect the indebtedness secured [by the mortgage] through legal proceedings, then there shall be added to the principal of the Mortgage indebtedness all reasonable costs incurred therewith, including, but not limited to[,] attorney's fees and disbursements."
Heidi's mortgage was recorded in the Nassau County Clerk's Office on July 19, 2006. The 2006 deed was recorded in the Nassau County Clerk's Office on August 16, 2006.
On August 24, 2006, Newell obtained a home equity line of credit in the amount of $250,000 from Manufacturers and Traders Trust Company. The line of credit was secured by a mortgage on the residential parcel (hereinafter the M & T mortgage). The M & T mortgage was recorded in the Nassau County Clerk's Office on October 16, 2006. The defendant in the instant action, M & T Bank Corporation (hereinafter M & T), is the successor by merger to Manufacturers and Traders Trust Company.
In or about May 2010, Newell and Heidi entered into a contract to sell the residential parcel for $390,000. According to Heidi, when the title work was performed for this purchase, she learned for the first time that Newell had encumbered the property with the M & T mortgage.
A disagreement ensued between Heidi and M & T over the anticipated net proceeds of the sale, including the legal priority of their respective mortgages and the extent of Heidi's ownership and claims to the proceeds of the sale based on the 2002 settlement. On August 26, 2010, Heidi and M & T entered into an escrow agreement in which they agreed to discharge their respective liens so that marketable title could pass to the prospective purchasers of the residential parcel and to place a portion of the proceeds of the sale in escrow pending judicial resolution of their competing claims. The escrow agreement, also executed by Newell's attorney, stated that Newell "joins in this agreement in his capacity as co-owner . . . for the purpose of acknowledging that (a) the liens asserted by the Parties are valid, and (b) he is not entitled to any share of the proceeds of sale."
The closing took place on August 26, 2010. At the closing, Heidi and M & T each received $32,726 and the remainder of the proceeds of the sale was placed in escrow (hereinafter the escrow funds).
Heidi subsequently commenced this action against M & T. In her first cause of action, she sought a judgment declaring that she is entitled to one half of the gross proceeds of the sale, less real estate commissions, transfer taxes, and attorney's fees, based on the 2002 settlement. In her [*3]second cause of action, Heidi sought a judgment declaring that she is entitled to a further distribution from the escrow funds equal to the $50,000 principal owed on her mortgage, plus interest on the entire principal at a rate of 6% per annum from May 2, 2006, and reasonable collection costs, including an attorney's fee, less the $32,726 she already received at the August 26, 2010, closing.
M & T counterclaimed, alleging that the outstanding principal balance due on the M & T mortgage is $247,050.67, together with interest, late charges, fees, expenses, and an attorney's fee. M & T sought a judgment declaring that it is entitled to receive nine tenths of the escrow funds, amounting to the sum of $228,255.17. In the alternative, if Heidi proved the validity and priority of her mortgage, M & T sought a judgment declaring that it receive nine tenths of the escrow funds, less the amount the Supreme Court determined Heidi is due pursuant to her mortgage.
Heidi moved for summary judgment declaring, in effect, that from the escrow funds, she is entitled to one tenth of the proceeds from the sale, the entire $50,000 principal owed on her mortgage, plus interest on the entire principal at a rate of 6% per annum from May 2, 2006, reasonable costs, including an attorney's fee and disbursements incurred in connection with collecting the indebtedness secured by her mortgage, plus the amount claimed to be owed to her under the 2002 settlement. M & T cross-moved for summary judgment declaring that from the escrow funds, it is entitled to receive the sum of $228,255.17 or, in the alternative, a sum equal to nine tenths of the escrow funds, less the amount the Supreme Court determines Heidi is entitled to pursuant to her mortgage.
In an order entered December 3, 2012, the Supreme Court determined that Heidi was entitled to receive the sum of $40,000 and that M & T was entitled to receive the sum of $228,255.17 from the escrow funds. M & T subsequently cross-moved to resettle the order entered December 3, 2012, on the ground that it awarded more money to the parties than was being held in escrow. M & T asked the court to resettle the order to provide that M & T was entitled to receive the sum of $228,255.17 and that Heidi was entitled to receive the remaining $25,361.69 held in escrow. In an order entered July 10, 2014, the court granted M & T's cross motion to resettle the order, and (mistakenly) stated that M & T was entitled to receive the sum of $228,361.69.
On August 7, 2015, a judgment was entered, inter alia, directing the escrow agent to pay M & T the sum of $228,361.69 from the escrow funds and to pay the remaining sum of $25,255.17 to Heidi. Heidi appeals from the judgment.
"The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded (see e.g. Real Property Law §§ 291, 294). The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (Yen-Te Chen v Geranium Dev. Corp., 243 AD2d 708, 709; see Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1109-1110). "The recording of a transaction involving real property provides potential subsequent purchasers [and encumbrancers] with notice of previous conveyances and encumbrances that might affect their interests. If the [encumbrancer] fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797, 799 [internal quotation marks and citations omitted]). The encumbrancer "must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led" (Fairmont Funding v Stefansky, 301 AD2d 562, 564).
Here, the Supreme Court erred in failing to award Heidi one tenth of the proceeds from the sale of the property, the entire principal of her mortgage, plus interest, and reasonable collection costs, including an attorney's fee and disbursements incurred in collecting the indebtedness secured by the mortgage. Heidi demonstrated that her mortgage and the 2006 deed were duly recorded prior to M & T's mortgage. Therefore, Heidi established that M & T is chargeable [*4]with notice of these prior interests.
In addition, Heidi's mortgage specifies that she is entitled to interest at a rate of 6% per annum, to be added to, and paid with, the principal of the mortgage. The mortgage states that interest would accrue from May 2, 2006, until the date of sale, at which point the entire interest and principal would be due. On the date of sale, Heidi consented to the proceeds being placed in a noninterest bearing account. Accordingly, the amount of interest to be added to the $50,000 principal of Heidi's mortgage is to be computed at a rate of 6% per annum, from May 2, 2006, to August 26, 2010, the day of the sale.
With respect to reasonable collection costs, Heidi's mortgage provides that "[i]n the event that it shall become necessary to . . . collect the indebtedness secured [by the mortgage] through legal proceedings, then there shall be added to the principal of the Mortgage indebtedness all reasonable costs incurred therewith, including, but not limited to attorney's fees and disbursements." Since the instant action is a legal proceeding to collect the indebtedness secured by Heidi's mortgage, Heidi established that she is entitled to all reasonable costs incurred therewith, including, but not limited to, an attorney's fee and disbursements.
However, contrary to Heidi's contention, the Supreme Court properly determined that she is not entitled to any of the escrow funds based on the 2002 settlement. The 2002 settlement did not grant her a legal or equitable interest in the residential parcel and had no impact on the title. Moreover, there was nothing on the face of the 2006 deed or Heidi's mortgage suggesting the need to investigate the existence of any additional conveyances or encumbrances that might have affected M & T's interests.
Based on the foregoing, we must remit the matter to the Supreme Court, Nassau County, for further proceedings consistent herewith, including a determination of the amount due to Heidi in interest, and reasonable costs, including a reasonable attorney's fee and disbursements, incurred in connection with collecting the indebtedness secured by Heidi's mortgage.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court