HSBC Bank USA, N.A. v Parker (2020 NY Slip Op 01335)





HSBC Bank USA, N.A. v Parker


2020 NY Slip Op 01335


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10135
 (Index No. 16138/13)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Andrew Parker, et al., defendants, 43 Monroe, LLC, respondent.


Goldberg Segalla LLP, Buffalo, NY (Marc W. Brown and James D. Macri of counsel), and Gross Polowy, LLC, Westbury, NY (Austin R. Caster of counsel), for appellant (one brief filed).
Goldberg Weg & Markus PLLC, New York, NY (Steven A. Weg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the holder of a first mortgage lien upon certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated May 13, 2016. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant 43 Monroe, LLC, and granted that branch of the cross motion of 43 Monroe, LLC, which was for a judgment declaring that the action was barred by the statute of limitations.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment making an appropriate declaration in accordance herewith.
In October 2002, the defendant Lange Sermons executed a note in favor of American Mortgage Express Corp. (hereinafter American), promising to repay a loan in the amount of $512,000. The loan was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for American, encumbering certain real property located in Brooklyn (hereinafter the American mortgage). The American mortgage was recorded in the Office of the City Register of the City of New York (hereinafter the Office of the City Register) on May 7, 2003. By deed dated July 8, 2004, and recorded on October 5, 2004, Sermons conveyed the subject property to the defendant Parker Properties, Inc. (hereinafter Parker). At the time of the conveyance, the subject property remained encumbered by the American mortgage. By deed dated July 21, 2004, and recorded on December 13, 2004, Sermons purportedly conveyed the subject property to the defendant Annette Sanderson. To purchase the property, Sanderson obtained a loan from Fairmont Funding, Ltd. (hereinafter Fairmont), in the amount of $612,000, which was secured by a mortgage in favor of MERS, as nominee for Fairmont (hereinafter the Fairmont mortgage). The Fairmont mortgage was recorded in the Office of the City Register on December 13, 2004. On August 26, 2004, a portion of the proceeds of the loan obtained by Sanderson from Fairmont was used to satisfy the American mortgage, and a satisfaction of the American mortgage was recorded on February 3, 2005.
In the meantime, in July 2005, Parker filed a notice of pendency and commenced a quiet title action against, among others, Sermons and Sanderson, to set aside the July 21, 2004, deed (hereinafter the quiet title action). In an order dated May 2, 2007, issued in the quiet title action, the Supreme Court, inter alia, granted those branches of Parker's motion which were for summary judgment declaring that Parker was the lawful fee owner of the subject property and vacating the deed from Sermons to Sanderson (hereinafter the May 2007 order). The May 2007 order was recorded in the Office of the City Register on July 23, 2007. Thereafter, in an assignment of mortgage dated August 10, 2007, the Fairmont mortgage was assigned by MERS to the plaintiff. A "correcting assignment of mortgage" was recorded on February 6, 2009. More than 3½ years later, Parker conveyed the subject property to the defendant 43 Monroe Street, LLC (hereinafter 43 Monroe), by deed dated September 27, 2012.
In September 2013, the plaintiff commenced this action against Parker, Sermons, Sanderson, and 43 Monroe, among others, for, inter alia, a judgment declaring that it is the holder of a superior, valid first mortgage lien on the subject property pursuant to the doctrines of equitable mortgage and equitable subrogation. A notice of pendency was filed on October 3, 2013. 43 Monroe answered the complaint and interposed various affirmative defenses based upon, inter alia, lack of standing and the statute of limitations. By order dated March 4, 2015, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against the remaining defendants. The plaintiff subsequently moved for summary judgment on the complaint insofar as asserted against 43 Monroe. 43 Monroe opposed the motion and cross-moved, inter alia, for a judgment declaring that the action was barred by the statute of limitations. The court denied the plaintiff's motion, and granted that branch of 43 Monroe's cross motion. The plaintiff appeals.
"[A] lender who takes a mortgage to a property subject to a void deed does not have anything to mortgage, so the lender's mortgage is invalid as well" (Weiss v Phillips, 157 AD3d 1, 10). Indeed, "[i]f a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (Ortiz v Silver Invs., 165 AD3d 1156, 1157 [internal quotation marks omitted]; see Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862, 863-864). Thus, although the plaintiff's predecessor in interest was not made a party to the quiet title action, the May 2007 order, declaring that Parker was the lawful fee owner of the subject property and vacating the deed from Sermons to Sanderson, had the effect of also voiding the Fairmont mortgage that was subsequently assigned to the plaintiff. Furthermore, pursuant to RPAPL 1531(1), "[a] final judgment in favor of either party . . . is conclusive, as to the title established in the action, against the other party, known or unknown . . . and also against every person claiming from, through or under that party, by title accruing after the filing of the judgment roll." Here, the plaintiff's claim is through Sanderson, a party to the quiet title action, who obtained the Fairmont mortgage from the plaintiff's predecessor in interest. The May 2007 order vacating the deed to Sanderson was recorded in the Office of the City Register on July 23, 2007, which was prior to the date when the Fairmont mortgage was assigned to the plaintiff by its predecessors in interest. As a result, the plaintiff is limited to seeking an equitable lien on the subject property pursuant to the doctrines of equitable mortgage or equitable subrogation.
However, in that regard, we agree with the Supreme Court's determination that those causes of action were time-barred by the six-year statute of limitations (see CPLR 213[1]; U.S. Bank N.A. v Salem, 164 AD3d 1289, 1290; Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670). The court's determination that the statute of limitations began to run on July 23, 2007, when the May 2007 order was recorded, is supported by the record. "[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue'" (Stracham v Bresnick, 76 AD3d 1009, 1010, quoting LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 600; see Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797, 799). Here, the plaintiff was assigned the Fairmont mortgage on August 10, 2007, and was chargeable with notice, based on the recording of the May 2007 order, that Sanderson's deed had been vacated and that its interest in the subject property was adversely affected. Since the plaintiff did not commence this action until September 2013, the causes of action seeking an equitable first mortgage lien are time-barred.
The parties' remaining contentions are either without merit or need not be addressed in light of our determination.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the complaint insofar as asserted against 43 Monroe, and to grant that branch of 43 Monroe's cross motion which was for a judgment declaring that the action was barred by the statute of limitations. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the action was barred by the statute of limitations (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court